**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|                               ) | |
| Plaintiff,     ) | |
|                               ) | |
| vs.                           ) | |
|                               ) | Case No. 1:15-cr-189-TWP-DKL |
| MATTHEW YORK,                 ) | |
|                               ) | |
| Defendant.     ) | |

**ENTRY FOLLOWING COMPETENCY HEARING**

This matter is before the Court for hearing on Defendant's motion for a hearing regarding the competency of the Defendant Matthew York ("Mr. York"), pursuant to 18 U.S.C. § 4241(a). On January 28, 2016, Defendant's counsel filed a Motion requesting a psychological examination of Mr. York and a hearing to determine mental competency based on Mr. York's "history of severe mental illness, including diagnosis and treatment for schizophrenia, bipolar disorder and severe depression." (Filing No. 17). On January 29, 2016, the Court ordered Mr. York to undergo a psychological examination pursuant to 18 U.S.C. § 4241(b). (Filing No. 18). Forensic Psychologist Chad Tillbrook, Ph.D. ("Dr. Tillbrook") evaluated Mr. York from March 3, 2016 to April 4, 2016 at the Federal Medical Center in Aver, Massachusetts. Following his examination, Dr. Tillbrook submitted a report to the Court in accordance with 18 U.S.C. § 4247(b) and (c). The Court held a hearing on the Motion on July 27, 2016. Present at the hearing were Defendant Mr. York, counsel for Mr. York, Michael Donahoe, and counsel for the Government, Cynthia Ridgeway. The Court took judicial notice of the Forensic Report (Filing No. 26). Based upon the report and testimony at the hearing, the Court makes the following findings of fact and conclusions of law:

The fact that a person suffers from a mental illness does not mean that he's incompetent to stand trial. He need only be able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in certain critical decisions, such as whether to appeal. *Drope v. Missouri*, 420 U.S. 162, 171–72, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam); *Woods v. McBride*, 430 F.3d 813, 817 (7th Cir. 2005). If he is being treated successfully with antipsychotic drugs, the fact that he has a mental illness (of which the drugs treat merely the symptoms) does not render him incompetent to stand trial. *Wilson v. Gaetz*, 608 F.3d 347, 349 (7th Cir. 2010), *Price v. Thurmer*, 637 F.3d 831, 833-34 (7th Cir. 2011) cert. denied, 132 S. Ct. 783, 181 L. Ed. 2d 489 (U.S. 2011)

In the forensic psychological examination report, Dr. Tillbrook noted that Mr. York has a well-documented history of mental illness and suffers from Schizoaffective Disorder, mixed type; and Alcohol, Cannabis, Opiate and Stimulant Use Disorder, In a Controlled Environment. During the one month evaluation period, Mr. York demonstrated an adequate appreciation of the charges against him and the possible penalties if found guilty of the charges.  Mr. York was also aware of the meaning and consequences of possible pleas, and understood the roles of typical court participants.  Based on the course of the clinical interview, Dr. Tillbrook found that Mr. York demonstrated organized thought process, answered questions appropriately, is estimated to have an adequate ability to work effectively with his attorney, to disclose pertinent facts to his attorney, to testify relevantly and to comprehend legal advice or instruction.  Dr. Tillbrook opined that despite having a chronic mental illness, Mr. York is not currently exhibiting deficits that would compromise his factual understanding and appreciation of the trial process; and that, with

reasonable medical certainty, Mr. York is currently capable of understanding the legal proceedings against him and is currently capable of assisting counsel in his defense.

The Court was able to observe Mr. York's behavior and demeanor during the hearing. Mr. York testified that he was properly taking medication for his mental illness, as prescribed. Mr. York was respectful, attentive, and was able to respond appropriately to questions and consult with his attorney during the proceedings. The Court examined Mr. York regarding his whereabouts, the role of the parties and other matters, and he was able to answer questions of the Court in a clear and rational manner. Counsel for the Government questioned Mr. York concerning his ability to understand the discovery materials provided and the evidence against him. Mr. York was able to respond in a clear and rational manner.

Based upon the foregoing, in accordance with 18 U.S.C. § 4241(d), the Court finds that Mr. York is mentally competent for trial. Mr. York is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. Therefore, this case remains set for trial on December 5, 2016 at 9:00 a.m. in Courtroom 344.

SO ORDERED.

Date: 7/27/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael J. Donahoe
INDIANA FEDERAL COMMUNITY DEFENDER
mike.donahoe@fd.org

Cynthia J. Ridgeway
UNITED STATES ATTORNEY'S OFFICE
cynthia.ridgeway@usdoj.gov

3